UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINISAR CORPORATION,

        Plaintiff,                      CIVIL ACTION NO. 2:11-cv-15625

v.                                    Honorable District Judge Paul D. Borman

CHEETAH OMNI, LLC,

        Defendant.

---

**FINISAR CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Finisar Corporation ("Finisar") hereby respectfully moves this Court to enter judgment in favor of Finisar on Counts I-III, V-VII, IX-X, XII-XII of this action based on the parties' pleadings, pursuant to Fed. R. Civ. P. 12(c).

Pursuant to Local Rule 7.1(a), counsel for Finisar telephoned counsel for Cheetah Omni to seek concurrence in the relief requested in this motion and concurrence was not obtained.

DATED:   March 23, 2012            Respectfully submitted,

                                By:   s/ A. Michael Palizzi

                                MILLER, CANFIELD, PADDOCK AND STONE, PLC

                                A. Michael Palizzi
                                palizzi@millercanfield.com

                                150 W. Jefferson Ave., Suite 2500
                                Detroit, Michigan 48226
                                (313) 963-6420

                                QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                Jon Steiger
                                jonsteiger@quinnemanuel.com

                                865 S. Figueroa St., 10th Floor
                                Los Angeles, California 90017
                                (213) 443-3000

                                David Radulescu
                                davidradulescu@quinnemanuel.com
                                Tigran Vardanian
                                tigranvardanian@quinnemanuel.com

                                51 Madison Avenue, 22nd Floor
                                New York, New York 10010
                                (212) 849-7000

                                *Attorneys for Plaintiff Finisar Corporation*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINISAR CORPORATION,

       Plaintiff,

v.

CHEETAH OMNI, LLC,

       Defendant.

CIVIL ACTION NO. 2:11-cv-15625

Honorable District Judge Paul D. Borman

**BRIEF IN SUPPORT OF FINISAR CORPORATION'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

|      |      |                                                                                                                                                                              | Page |
|------|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   |      | INTRODUCTION                                                                                                                                                                 | 1    |
| II.  |      | PROCEDURAL HISTORY                                                                                                                                                           | 1    |
|      | 1.   | Finisar's Complaint                                                                                                                                                          | 1    |
|      | 2.   | Finisar's Motion for Leave to File a Summary Judgment Motion of Non-Infringement                                                                                             | 3    |
|      | 3.   | Cheetah's Answer                                                                                                                                                             | 3    |
| III. |      | ARGUMENT                                                                                                                                                                     | 5    |
|      | 1.   | Finisar's Allegations of Non-Infringement in the Complaint Should Be Deemed Admitted under Rule 8(b)(6) Because of Cheetah's Intentional Failure to Deny Them                | 5    |
|      | 2.   | With Finisar's Allegations of Non-Infringement in the Complaint Deemed Admitted, a Judgment on the Pleadings Should Be Entered in Favor of Finisar                           | 10   |
| IV.  |      | CONCLUSION                                                                                                                                                                   | 11   |

# TABLE OF AUTHORITIES

<u>Page</u>

## Cases

*Amco Insurance Co. v. Swagat Group, LLC*,
   No. 07-3330, 2009 WL 331539 (C.D. Ill. Feb. 10, 2009) .......................................... 11

*Barany-Snyder v. Weiner*,
   539 F.3d 327 (6th Cir. 2008) ........................................................................................ 2

*Dunlop v. Quality Spring Products, Inc.*,
   No. K-75-51 C.A., 1975 WL 1157 (W.D. Mich. June 6, 1975) ................................... 6

*Encompass Insurance, Inc. v. Hagerty Insurance Agency, Inc.*,
   No. 1:08-cv-337, 2009 WL 160776 (W.D. Mich. Jan. 22, 2009) ............................... 11

*JPMorgan Chase Bank N.A. v. Winget*,
   510 F.3d 577 (6th Cir. 2007) ...................................................................................... 11

*King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*,
   180 F.R.D. 332 (N.D. Ill. 1998) ................................................................................... 6

*Mahanor v. United States*,
   192 F.2d 873 (1st Cir. 1951) ........................................................................................ 6

*Tucker v. Middleburg-Legacy Place*,
   539 F.3d 545 (6th Cir. 2008) ...................................................................................... 10

*U.S. Vehicle 2007 Dump Truck, VIN 1M2K189C77M036428*,
   680 F. Supp. 2d 816 (E.D. Mich. 2010) ............................................................... 5, 6, 7

## Rules / Other Sources

Fed. R. Civ. P. 8 ......................................................................................... 1, 2, 3, 4, 5

Fed. R. Civ. P. 8(b)(1)-(5) ................................................................................................ 5

Fed. R. Civ. P. 8(b)(2)-(3) ................................................................................................ 6

Fed. R. Civ. P. 8(b)(6) ............................................................................... 1, 3, 5, 6, 10, 11

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 11

Fed. R. Civ. P. 12(c) ..................................................................................... 1, 2, 3, 11, 12

Fed. R. Civ. P. 15(a)(1) .............................................................................................. 5, 10

Wright & Miller, 5C Federal Practice & Procedure § 1368 at 251 (3d ed. 2004) ............ 11

I.  **INTRODUCTION**

Finisar Corporation ("Finisar") seeks a judgment of non-infringement of each of the patents-in-suit based on Defendant Cheetah Omni, LLC's ("Cheetah") Answer, pursuant to Fed. R. Civ. P. 12(c).

As explained further below, Cheetah intentionally evaded providing proper responses in its Answer to Finisar's allegations that neither Finisar, nor its customers infringe any of the patents-in-suit in this action. Because Cheetah failed to deny Finisar's allegations of non-infringement, as required by Fed. R. Civ. P. 8, and did so intentionally (presumably because Cheetah did not have a basis to deny Finisar's allegations of non-infringement, especially after they were explained in detail in Finisar's co-pending motion for leave to file a summary judgment motion), all of Finisar's allegations of non-infringement must be deemed admitted by Cheetah pursuant to Fed. R. Civ. P. 8(b)(6).

Based on Cheetah's deemed admissions that Finisar and its customers do not infringe the patents-in-suit, the Court should enter judgment on Counts I-III, V-VII, IX-X, and XII-XII of the Complaint in favor of Finisar.

II. **PROCEDURAL HISTORY**

1.  **Finisar's Complaint**

Finisar filed this action on December 23, 2011. Finisar seeks a declaratory judgment that Finisar and its customers do not infringe U. S. Patent Nos. 6,888,661 (the "'661 Patent"), 6,847,479 (the "'479 Patent"), 6,445,502 (the "'502 Patent") and 6,721,473 ("'473 Patent") assigned to Cheetah, and that these patents are invalid (the "Complaint"). *See* Complaint at ¶ 1.

Finisar is a manufacturer of optical components and technology used in network communications equipment. *See id.* at ¶ 14. Among other components, Finisar manufactures

1

optical switches based on its Liquid Crystal on Silicon technology ("LCoS technology"). *See id.* at ¶ 15.

In its Complaint, Finisar described Cheetah's systematic and aggressive pursuit of Finisar's customers and their products incorporating Finisar's technology. *See id.* at ¶¶ 18-23. Specifically, Finisar identified an earlier-filed action initiated by Cheetah against several Finisar customers in the Eastern District of Texas, Case No. 6:11-cv-00390 (the "Texas Action"). *See id.* at ¶ 21. The accused devices of Finisar's customers in the Texas Action incorporate Finisar's LCoS-based optical switches. *See id.* at ¶ 22. It is undeniable that Cheetah is asserting that Finisar's switches and LCoS technology infringe Cheetah's patents. In fact, Cheetah's allegations of infringement in the Texas Action specifically identify Finisar's optical switches and the LCoS technology. *See id.* at ¶ 22; *see also* an example of Cheetah's infringement contentions submitted in the Texas Action, attached hereto as Exhibit A.[1] Cheetah even provided Finisar's own presentation and documents as support for its infringement contentions against the customers' products incorporating Finisar's optical switches and the LCoS technology. *See* Exhibit A at 5-21, 55-71.

Within each of its counts for declaratory judgment of non-infringement (*i.e.*, Counts I-III, V-VII, IX-X, and XII-XII), Finisar, on behalf of itself or its customers, asserted that Finisar's LCoS technology and its LCoS-based optical switches do not infringe the respective patent-in-suit. *See* Complaint at ¶¶ 27, 33, 39, 49, 55, 61, 70, 75, 84, and 89. As explained further below, Cheetah neither admitted nor denied these allegations in its Answer in violation of Fed. R. Civ.

---

[1] Cheetah's infringement contentions in the Texas Action – a non-confidential pleading, which includes recitations of asserted patent claims and Finisar's publicly distributed presentation and white paper – are of public record. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (stating that matters of public record, orders, items appearing in the record of the case, and exhibits attached to the pleadings may be taken into account without converting a Rule 12(c) motion into a motion for summary judgment).

2

P. 8. Accordingly, pursuant to Fed. R. Civ. P. 8(b)(6), they should now be deemed admitted and Finisar is entitled to a Rule 12(c) judgment on the pleadings for these Counts.

### 2. Finisar's Motion for Leave to File a Summary Judgment Motion of Non-Infringement

On February 24, 2012, several days before Cheetah filed its Answer, Finisar filed a two-part motion seeking an injunction of Cheetah's co-pending claims against Finisar's customers in the Texas Action and leave to file a motion for summary judgment of non-infringement (the "Motion") (Dkt. No. 14). Finisar provided in its Motion a detailed explanation of why, as a matter of law, there cannot be any infringement, given that the scope of Cheetah's patent claims is a question of *law* for the Court and can be determined at this stage of the case without the need for any discovery. The Motion was accompanied by a declaration of Finisar's technical expert, Eric Swanson, supporting Finisar's non-infringement position and providing further details as to why there is no genuine issue of material fact regarding Finisar's claim of non-infringement.

On February 28, 2012, the Court set a briefing schedule for the Motion (Dkt. No. 17). According to the schedule, Cheetah's response to the Motion is due on March 26, 2012. Oral argument on the motion is set for June 13, 2012.

### 3. Cheetah's Answer

Cheetah filed its answer to Finisar's Complaint on February 27, 2012 (the "Answer"), pursuant to Stipulated Order to Waive Service of Complaint and Extending Time to Answer or Otherwise Plead (Dkt. No. 12).

Cheetah included only three "affirmative defenses" in its Answer, two of which are directed to an alleged lack of subject matter jurisdiction, and the third alleges insufficiency of invalidity pleading and failure to state a cause of action. *See* Answer at 25. Cheetah has not

3

filed a motion to dismiss based on any of these grounds. Cheetah also has not asserted any counterclaims, including counterclaims of infringement against Finisar.

Further, Cheetah failed to answer several simple, straightforward, and important allegations in Finisar's Complaint in accordance with Fed. R. Civ. P. 8. Specifically, Cheetah failed to admit or deny each and every single allegation of "non-infringement" that Finisar made on its own behalf or on behalf of its customers, *i.e.*, paragraphs 27, 33, 39, 49, 55, 61, 70, 75, 84, and 89 of the Complaint. *See id.* at 9-12, 14-18, 20-21, 23-24. For example, paragraph 27 of the Complaint alleges: "Finisar's LCoS technology, and the WSS[2] which is based on the LCoS technology, do not infringe any claim of the '661 Patent." *See* Complaint at ¶ 27. To each of those allegations, Cheetah responded with the same evasive statement:

> **It is not clear what Finisar means by the phrase "LCoS technology" in this allegation. To the extent any claim of the [patent-in-suit] covers any product made by Finisar, that product, by definition, infringes. However, Cheetah has not sued Finisar for infringing the [patent-in-suit].**

*See* Answer at 9-12, 14-18, 20-21, 23-24. (emphasis added).

Cheetah's professed ignorance of the meaning of "LCoS technology" is objectively baseless given that: (1) Finisar provided an explicit definition of the phrase "LCoS" in paragraph 15 of the Complaint, and Cheetah had no trouble understanding the phrase when it "[a]dmitted that Finisar's products include a WSS that uses LCoS technology" (*see id.* at 6.); (2) Cheetah specifically identifies the LCoS technology in its infringement contentions against Finisar's customers in the Texas Action and uses the *same* acronym (*see* Exhibit A at 5-21, 55-71); and (3) Cheetah itself provided a similar definition of the term[3] in a subpoena served on Finisar in

---

[2] WSS (Wavelength Selective Switch) is the name of Finisar's optical switch.
[3] "Liquid Crystal on Silicon ("LCoS")." Exhibit B at ¶3 of *Definitions*.

4

connection with the Texas Action seeking documents relating to Finisar's LCoS technology (*see* Exhibit B at ¶3 of *Definitions*).

Similarly, Cheetah evasively failed to admit or deny Finisar's simple and straightforward allegations in paragraphs 26, 32, 38, 48, 54, and 60 that "Cheetah has asserted in the Texas Action that products of Finisar's customers incorporating Finisar's LCoS technology infringe the [patent-in-suit]." *See* Answer at 9-12, 14, 16-18. To these allegations, Cheetah provided a non-responsive answer that did not fairly respond to the substance of the allegations, as required by Fed. R. Civ. P. 8(b)(1)-(5):

> **In the Texas Action, Cheetah asserts that ROADM products made by the defendants in that lawsuit infringe the [patent-in-suit]. Cheetah has not sued Finisar for infringing the [patent-in-suit].**

*See id.* (emphasis added).

Cheetah's time to amend its Answer as a matter of course expired on March 19, 2012, under Fed. R. Civ. P. 15(a)(1).

### III. <u>ARGUMENT</u>

#### 1. Finisar's Allegations of Non-Infringement in the Complaint Should Be Deemed Admitted under Rule 8(b)(6) Because of Cheetah's Intentional Failure to Deny Them

Rule 8 permits only three possible responses to allegations contained in a complaint: (1) admission; (2) denial; or (3) statement that there is insufficient knowledge or information to form a belief about the truth of the allegations. *See* Fed. R. Civ. P. 8(b)(1)-(5); *see also U.S. v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M036428*, 680 F. Supp. 2d 816, 826 (E.D. Mich. 2010). Rule 8 also sets requirements for specificity of denials, and states that a denial "must fairly respond to the substance of the allegation." *See* Fed. R. Civ. P. 8(b)(2)-(3). It is black-letter law that if a party fails to deny an allegation in a complaint, that allegation is deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *Vehicle 2007*, 680 F. Supp. 2d at 826.

5

Courts, including the Eastern District of Michigan, have enforced Rule 8(b)(6) and ordered allegations in complaints admitted when a party failed to deny those allegations. For example, in the *Vehicle 2007* case, where claimants in a forfeiture action responded to allegations regarding the scope and the nature of an allegedly fraudulent investment scheme by stating that "[c]laimants neither admit nor deny the allegations in these paragraphs and leave the Plaintiff to its proofs," Chief Judge Rosen held that such a response fails to meet the requirements of Rule 8(b)(6) and the allegations must be deemed admitted. *See Vehicle 2007*, 680 F. Supp. 2d at 826-8; *see also Mahanor v. United States*, 192 F.2d 873, 876 (1st Cir. 1951) (holding certain allegations admitted where defendant's answer stated only that defendant "neither admits nor denies the truths of the allegations of this paragraph and demands that the plaintiff prove said allegations," and circumstances indicated that defendant must have known about the underlying facts); *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*, 180 F.R.D. 332, 333 (N.D. Ill. 1998) (holding that defendants' responses to 30 of 35 allegations in the complaint, stating "[n]either admit nor deny the allegations of said Paragraph [-], but demand strict proof thereof," were in no way responsive to Rule 8 requirements, demanded nothing cognizable in federal practice, and would be treated as admissions); *Dunlop v. Quality Spring Products, Inc.*, No. K-75-51 C.A., 1975 WL 1157 (W.D. Mich. June 6, 1975) (holding that answers that neither admit nor deny but simply demand proof of plaintiff's allegations are insufficient to constitute a denial and therefore granting plaintiff's motion to strike such paragraphs).

Moreover, even though the Federal Rules generally encourage a liberal approach to amendments of pleadings, Courts have been reluctant to grant requests to cure Rule 8 deficiencies when it is clear that evasive responses to allegations were intentional or made in bad

6

faith. *See, e.g., Vehicle 2007*, 680 F. Supp. 2d at 828-9 (denying claimant's request for leave to amend the answer because the claimant was deliberately evasive and provided equivocal responses to allegations in the complaint in bad faith).

Here, Cheetah intentionally provided responses to all of Finisar's allegations of non-infringement that are fairly characterized as "evasive" and "non-responsive." At this time Finisar can only speculate at Cheetah's true motives behind responding to these allegations in the way that it did. Nonetheless, Finisar suspects that Cheetah was simply unable to deny Finisar's allegations of non-infringement upon reviewing Finisar's co-pending motion and summary judgment arguments explaining why there is no genuine issue of material fact regarding Finisar's claims of non-infringement, which Cheetah received several days before filing its Answer. Speculation aside, there can be no doubt that Cheetah's failure to admit or deny Finisar's allegations was not accidental, but rather intentional, and indeed fit a general pattern of evading controversy with respect to the issue of non-infringement, a central issue in this action.

Finisar asserted "non-infringement" no less than ten (10) times in the Complaint. *See* Complaint at ¶¶ 27, 33, 39, 49, 55, 61, 70, 75, 84, and 89. Cheetah responded almost identically to each such allegation, but the responses are not a mere "cut and paste" because the references to different patents accurately correspond to the allegations in the Complaint, so manual editing must have been performed, which rules out any claimed clerical error.

In addition to its responses to Finisar's allegations of non-infringement, Cheetah failed to deny Finisar's allegations in six other instances, also within Finisar's counts of non-infringement in the Complaint. *See* Answer at 9-12, 14, 16-18. This shows that Cheetah's evasive and non-responsive statements were not a mere lapse of reason, but an intentional strategy to not provide

proper disclosure of its positions in violation of the Federal Rules of Civil Procedure, which have been put in place to streamline the litigation process and give fair notice to adversaries.

In fact, in pursuit of its strategy, Cheetah did not stop at evasiveness, but was compelled to resort to misrepresentation. The response to each of paragraphs 27, 33, 39, 49, 55, 61, 70, 75, 84, and 89 of the Complaint includes the following statement: "It is not clear what Finisar means by the phrase 'LCoS technology' in this allegation." *See id.* at 9-12, 14-18, 20-21, 23-24. However, Cheetah cannot possibly be ignorant of what the phrase "LCoS technology" means given that (1) Finisar provided an explicit definition of the term "LCoS" in paragraph 15 of the Complaint, and Cheetah had no trouble understanding the phrase when it "[a]dmitted that Finisar's products include a WSS that uses LCoS technology" (*see id.* at 6.); (2) Cheetah specifically identifies the LCoS technology in its infringement contentions against Finisar's customers in the Texas Action and uses the *same* acronym (*see* Exhibit A at 5-21, 55-71); and (3) Cheetah itself provided a similar definition of the term in a subpoena served on Finisar in connection with the Texas Action seeking documents relating to Finisar's LCoS technology (*see* Exhibit B at ¶3 of *Definitions*).

Equally disingenuous is Cheetah's failure to unequivocally respond to Finisar's simple and straightforward allegations that "Cheetah has asserted in the Texas Action that products of Finisar's customers incorporating Finisar's LCoS technology infringe the [patent-in-suit]" in paragraphs 26, 32, 38, 48, 54, and 60 of the Complaint, *see* Answer at 9-12, 14, 16-18, in light of Cheetah's infringement contentions in the Texas Action, such as the contentions provided below:

8





See Exhibit A at 4-5. The first slide above identifies products of Finisar's customer Tellabs, which allegedly meet the requirement of Claim 13 of the '479 Patent of "an optical processing

device, *comprising*." *Id.* (emphasis added). The second slide above identifies the components the accused Tellabs device is *comprised of*, namely – the Finisar optical switch (WSS) using the LCoS technology. *Id.* These and other contentions in the Texas Action show that Cheetah's responses to paragraphs 26, 32, 38, 48, 54, and 60 of Finisar's Complaint were deliberate misrepresentations, given that it is *Finisar's* LCoS technology that is the very subject of Cheetah's infringement contentions in that action.

It is also telling that Cheetah decided not to assert any counterclaims against Finisar – a highly unorthodox move in a declaratory judgment patent action, particularly when the action follows an earlier-filed case where the same technology has been accused. The absence of counterclaims suggests that, especially upon reviewing Finisar's non-infringement arguments in the Motion, Cheetah does not have sufficient bases for bringing claims of infringement against Finisar, which would be consistent with its failure to deny Finisar's allegations of non-infringement.

Given that Cheetah failed to admit or deny the allegations in paragraphs 26, 27, 32, 33, 38, 39, 48, 49, 54, 55, 60, 61, 70, 75, 84, and 89 of Finisar's Complaint, and evidently did so intentionally, the Court should apply Fed. R. Civ. P 8(b)(6) to the allegations in each of these paragraphs of the Complaint, without giving Cheetah an opportunity to amend[4] its responses to them, and deem these allegations admitted.

2. **With Finisar's Allegations of Non-Infringement in the Complaint Deemed Admitted, a Judgment on the Pleadings Should Be Entered in Favor of Finisar**

Motions for judgment on the pleadings under the Fed. R. Civ. P. 12(c) are analyzed using the same standard employed for Rule 12(b)(6) motions to dismiss. *See Tucker v. Middleburg-*

---

[4] Incidentally, Cheetah's time to amend the Answer as a matter of course has expired. *See* Fed. R. Civ. P. 15(a)(1).

*Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008). A Rule 12(c) motion is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *See JPMorgan Chase Bank N.A. v. Winget,* 510 F.3d 577, 582 (6th Cir. 2007); *Vehicle 2007,* 680 F. Supp. 2d at 826; *see also* Wright & Miller, 5C FEDERAL PRACTICE & PROCEDURE § 1368 at 251 (3d ed. 2004) ("[T]he plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery.").

Even though Rule 12(c) motions are more commonly brought by defendants, declaratory judgment plaintiffs can bring such motions as well, including on the basis of Rule 8(b)(6) admissions. *See, e.g., Encompass Insurance, Inc. v. Hagerty Insurance Agency, Inc.,* No. 1:08-cv-337, 2009 WL 160776 at *6, 13 (W.D. Mich. Jan. 22, 2009) (a declaratory judgment plaintiff bringing a Rule 12(c) motion); *Amco Insurance Co. v. Swagat Group, LLC,* No. 07-3330, 2009 WL 331539 (C.D. Ill. Feb. 10, 2009) (a declaratory judgment plaintiff prevailing on a Rule 12(c) motion based in part on Rule 8(b)(6) admissions).

As a result of Cheetah's Rule 8(b)(6) admissions of the non-infringement allegations in paragraphs 27, 33, 39, 49, 55, 61, 70, 75, 84, and 89 of Finisar's Complaint, no material issues of fact in connection with Counts I-III, V-VII, IX-X and XII-XII of Finisar's declaratory judgment action exist. Therefore, the Court should rule on them as a matter of law, on the face of the pleadings, and enter judgment in favor of Finisar on Counts I-III, V-VII, IX-X and XII-XII, all of which concern non-infringement of the patents-in-suit.

## IV. CONCLUSION

For the foregoing reasons, Finisar respectfully requests that, pursuant to Rule 12(c), the Court enter judgment in favor of Finisar on Counts I-III, V-VII, IX-X, and XII-XII of this action.

11

DATED: March 23, 2012               Respectfully submitted,

                                By:   s/ A. Michael Palizzi

                                MILLER, CANFIELD, PADDOCK AND
                                STONE, PLC

                                A. Michael Palizzi
                                palizzi@millercanfield.com

                                150 W. Jefferson Ave., Suite 2500
                                Detroit, Michigan 48226
                                (313) 963-6420

                                QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP

                                Jon Steiger
                                jonsteiger@quinnemanuel.com

                                865 S. Figueroa St., 10th Floor
                                Los Angeles, California 90017
                                (213) 443-3000

                                David Radulescu
                                davidradulescu@quinnemanuel.com
                                Tigran Vardanian
                                tigranvardanian@quinnemanuel.com

                                51 Madison Avenue, 22nd Floor
                                New York, New York 10010
                                (212) 849-7000

                                *Attorneys for Plaintiff Finisar Corporation*

12

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have appeared in this matter are being served with a copy of this document, and an expert declaration referenced therein, via the Court's CM/ECF system, U.S. Mail, and email on March 23, 2012.

s/ A. Michael Palizzi