UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINISAR CORPORATION,

        Plaintiff,                      CASE NO. 11-15625

v.                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

CHEETAH OMNI LLC,

        Defendant.

_____/

**ORDER DENYING CHEETAH OMNI'S MOTION TO
DISMISS COUNTS IX-XIV (9-14) OF FINISAR'S COMPLAINT
FOR DECLARATORY JUDGMENT (Dkt. # 21)**

Defendant Cheetah contends that Counts IX-XIV of Finisar's Complaint, which seek declaratory relief against Cheetah for non-infringement of the '502 patent (9, 10 & 11), and the '473 patent (12, 13 & 14) should be dismissed for lack of subject matter jurisdiction because Cheetah has never asserted that Finisar, or its customers, infringe these two patents.

Specifically, Cheetah contends that there is no definite and concrete dispute that warrants declaratory judgment relief as to these two patents.

Plaintiff Finisar responds that the '479 Patent, which is subject to a claim of infringement in the Eastern District of Texas, is a continuation of the '502 Patent, and the '502 Patent is related to the '473 Patent, "and all these variable blazed grating (VBG) patents have a similar title." Finisar's Combined Opposition, P.8;[1] *see also* Compl. ¶¶ 10-13. Defendant Cheetah's claim of infringement of *inter alia*, the '479 patent was asserted in *Cheetah Omni, LLC v. Alcatel-Lucent*

---

[1] This Court does not permit a combined response to multiple motions, and will reject them in the future. Such a response conflating separate issues, is confusing, and does not "streamline the proceedings."

*VSA, Inc., Fujutsu Network Communications, Tellabs, Inc., et al.,* Am. Compl. ¶ 18, 11-CV-00390 (E.D. Tex. filed Oct. 14, 2011).[2]

In considering a motion to dismiss, the Court must "accept the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *Guzman v. United States Dept. of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012).

At this early stage of the proceeding, the Court declines to dismiss Counts IX-XIV of Finisar's Complaint relating to the '502 and '473 patents. (Dkt. #21)

This Order is without prejudice to future consideration of this issue.

SO ORDERED.

DATED: 7-6-12

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that paragraph 16 on page four of Cheetah's Texas Amended Complaint lists as a patent-in-suit the '714 patent titled "Variable Blazed Graint Based Signal Processing."