## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Finisar Corporation,

      **Plaintiff,**　　　　　　　　　　**Civil Action No.: 11-CV-15625**

      **vs.**　　　　　　　　　　　　　**District Judge Paul D. Borman**

　　　　　　　　　　　　　　　　**Magistrate Judge Mona K. Majzoub**

Cheetah Omni, LLC

      **Defendant.**

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO ADD A COUNTERCLAIM [52]

This matter comes before the Court on Defendant Cheetah Omni, LLC's Motion for Leave to Add a Counterclaim.  (Docket no. 52.)  Plaintiff Finisar Corporation filed a response.  (Docket no. 56.)  Defendant filed a Reply.  (Docket no. 60.)  The motion was referred to the undersigned for decision.  (Docket no. 53.)  The parties have fully briefed the motion; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.　　Background

Defendant is the owner of U.S. Patent No. 6,888,661 ("the '661 patent") and U.S. Patent No. 6,847,479 ("the '479 patent").  (*See* docket no. 52 at 6.)  In 2011, Defendant sued Plaintiff's customers for infringement of the '661 and '479 patents (the "Texas Action."); Defendant did not sue Plaintiff in the Texas Action even though the alleged infringement involved Plaintiff's customers' use of an optical switch provided by Plaintiff.  (*See* docket no. 56 at 3.)  Plaintiff then

1

filed the instant action for a declaratory judgment of non-infringement.  (*Id.*)

Defendant filed its answer on February 27, 2012, and did not include any counterclaims against Plaintiff for infringement.  (Docket no. 16.)  In response to Plaintiff's allegations, however, Defendant stated:

> To the extent any claim of the ['661 and '479] patent[s] cover any product made by Finisar, that product, by definition, infringes.  However, Cheetah has not sued Finisar for infringing the ['661 and '479] patent[s].

(*Id.* ¶¶ 27, 33, 39, 49, 55, 61.)  Viewing this response as a failure to deny non-infringement, Plaintiff filed a Motion for Judgment on the Pleadings.[1]  (Docket no. 19.)

On March 26, 2012, Defendant filed a Motion for Order (1) Declining Declaratory Judgment Jurisdiction or, in the Alternative, (2) Staying This Action or Transferring it to the Eastern District of Texas.  (Docket no. 23.)  In its Motion, Defendant took the position that the targets of its infringement action in Texas were Plaintiff's customers, not Plaintiff, and that Plaintiff's only involvement was that it provided parts that were necessary for its customers to create components that infringe on Defendant's patents.  (*Id.* at 15 - 17.)  During a July 6, 2012 Status Conference, Defendant's counsel stated the following with regard to the patents at issue:

> One of the two patents in Texas, Finisar's product doesn't even infringe any claim, not a single claim.  Cheetah could never sue Finisar for infringement of any claim of the '479 patent because every single claim requires a part that Finisar's customers add.

(Docket no. 51 at 28:8-16.)  The "part" to which Defendant's counsel was referring was an amplifier, and Plaintiff's counsel later added, "We heard a representation that Finisar doesn't make amplifiers.  That is factually not correct. . . . We make products with amplifiers.  There's no reason

---

[1]Plaintiff's Motion for Judgment on the Pleadings remains pending before the District Judge.  Thus, the Court will not address Plaintiff's Motion and Defendant's Motion concurrently.

why they can't come after us." (*Id.* at 38:5-6, 12-14.) Defendant now wishes to add a counterclaim alleging that Plaintiff infringes on the '661 and '479 patents. (Docket no. 52.)

## II. Governing Law

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2).[2] "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id*. (citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: [(1)] require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [(2)] significantly delay the resolution of the dispute; or [(3)] prevent the plaintiff from bringing a timely action in another jurisdiction." *Id*. (citation omitted). A court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

---

[2]Plaintiff notes that because Defendant is not requesting leave to amend a counterclaim but is, instead, seeking leave to add a counterclaim, Defendant's motion should be addressed under Fed.R.Civ.P. 15(d) instead of 15(a). (Docket no. 56 at 8 n.2.) Plaintiff also notes, however, that the standards for Rules 15(a) and (d) are the same. (*Id.* (citations omitted).)

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-part test:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

## III.   Analysis

Defendant's principal argument in support of its Motion is that its proposed counterclaims are mirror images of Plaintiff's non-infringement claims. (Docket no. 51 at 8.) That is, the claims are logically related; "the issues of fact and law raised by the claims are largely the same and substantially the same evidence would support or refute both claims." (*Id.* at 6 (citing *Sanders v.*

*First Nat'l Bank & Trust Co.*, 936 F.3d 273, 277 (6th Cir. 1991)).) Second, Defendant asserts that its infringement claims will be barred by Fed.R.Civ.P. 13(a) as a compulsory counterclaim if the Court does not grant its Motion. (*Id.* at 8 (citing *Vivid Technologies v. American Science & Engineering, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 2009) ("[I]t is generally recognized that when the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived. Such a counterclaim ordinarily should not be refused entry.")).) Finally, Defendant argues that adding its proposed counterclaims will not prejudice Plaintiff because the claim construction process has not commenced, no discovery dates have been assigned, and the counterclaims will not add any issues to the case, with the possible exception of damages. (*Id.* at 9.)

Plaintiff argues (1) that it would suffer great prejudice by Defendant's late addition of counterclaims for infringement, (2) that Defendant takes contradictory positions with respect to its Motion, and (3) that Defendant's delay in filing its counterclaim is undue because it was in possession of all the facts necessary to file such counterclaims with its original answer. (Docket no. 56 at 9, 11, 13.)

Plaintiff's primary argument with regard to prejudice is that if Defendant is allowed to assert its counterclaims, Plaintiff's Motion for Judgment on the Pleadings will be undermined.[3] (Docket

---

[3]Plaintiff also asserts that Defendant has violated E.D. Mich. L.R. 7.1(d)(1)(A) by filing two briefs in support of its Motion. (Docket no. 56 at 10-11.) Plaintiff argues that this Motion is duplicative of Defendant's request to amend its Answer in response to Plaintiff's Motion for Judgment on the Pleadings. (*Id.*) Plaintiff is correct that Defendant has made similar requests to the Court, but Defendant has not filed two briefs in support of the same Motion. Plaintiff's first brief was in response to Plaintiff's Motion, not in support of its own Motion filed over three months later, and the relief requested therein was made as an alternative to the Court denying Plaintiff's Motion.

no. 56 at 6-8.)  In essence, Plaintiff fears that the Court may grant its Motion for Judgment on the Pleadings and issue a declaratory judgment of non-infringement and then allow Defendant's counterclaim for infringement to survive, thus creating an inconsistent result.  The procedural technicalities that may arise from the District Judge's decision related to Plaintiff's Motion are not currently before this Court.  Nevertheless, the Court's ruling herein does not preclude Plaintiff from raising its arguments at a later date should Plaintiff's Motion for Judgment on the Pleadings be granted.

Regarding Defendant's alleged contradictory positions and intentional delays, Plaintiff points to statements by Defendant's counsel during the July 6, 2012 Status Conference where counsel stated, "Cheetah could never sue Finisar for infringement of any claim of the '479 patent because every single claim requires [an amplifier] that Finisar's customers add." (*Id.* at 12 (citing docket no. 51 at 28:9-12).)  Plaintiff claims, as it did during the status conference, that Plaintiff informed Defendant that it made amplifiers when it filed its Reply Brief (docket no. 26) in support of its Motion for Injunction.[4,5]  Plaintiff argues that Defendant intentionally delayed in attempting to file a counterclaim even though it had this information in April 2012.  Plaintiff contends that the reason for this delay is simple: Defendant's claims against Plaintiff's customers are more lucrative, and "[c]ounterclaiming and denying the allegations would effectively create a controversy between Finisar and Cheetah, and would complicate its efforts to get rid of this case.  Thus, Cheetah opted to omit the compulsory counterclaim, hoping that one of its motions [declining jurisdiction or

---

[4]As part of it's Reply, Plaintiff attached a brochure indicating that it makes amplifiers. (Docket no. 26-2.)

[5]Plaintiff also notes that Defendant learned that Plaintiff supplies amplifiers through extensive discovery in other cases between these two parties.  (Docket no. 56 at 14.)

staying the action] would succeed." (Docket no. 56 at 14.)

Defendant draws the court's attention to a statement contained in the parties May 4, 2012 *Joint* Proposed Discovery Plan: "Cheetah *has not yet* asserted counterclaims against Finisar. . . . Cheetah has indicated that, if its pending motions to dismiss and to stay or transfer are not granted, *it may seek leave to amend its Answer to assert counterclaims of infringement.*" (Docket no. 60 at 4 (citing docket no. 31 at 2, n1) (emphasis added).) Additionally, Defendant asserts that the brochure Plaintiff cites in support of its contention that Defendant had notice that Plaintiff manufactured amplifiers in does not contain enough information on which Defendant could have filed a claim for infringement. (*Id.* at 4-5.) Defendant asserts that it was Plaintiff's counsel's statement, "We heard a representation that Finisar doesn't make amplifiers. That is factually not correct," that provided Defendant with its infringement claim. (*Id.* at 5.)

Defendant could have been more punctual in bringing it's Motion to Add a Counterclaim, but Plaintiff's argument that Defendant mislead the court and delayed bringing such a claim in bad faith is misplaced. To the contrary, Defendant notified the Court and Plaintiff that it intended to bring such a motion if its previous motions were denied. Moreover, Plaintiff brought this claim for declaratory judgment of non-infringement with the knowledge that a counterclaim for infringement was a possible result. Aside from Plaintiff's hope that its Motion for Judgment on the Pleadings may succeed, Plaintiff has not shown the Court that any prejudice would befall it should the Court grant Defendant's Motion. The central issue in the controversy remains the same, that is, whether Plaintiff has infringed on the '479 or '611 patents. The addition of Defendant's counterclaim will not require Plaintiff to expend any additional resources during discovery, and it will not delay the resolution of the dispute. To the contrary, however, denying Defendant's Motion would prevent

7

Defendant from bringing a timely action in another jurisdiction.[6]  Therefore, the Court will grant

Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to Add a

Counterclaim is **GRANTED**.

## <u>NOTICE TO THE PARTIES</u>

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days

from the date of this Order within which to file any written appeal to the District Judge as may be

permissible under 28 U.S.C. § 636(b)(1).


Dated:  November 1, 2012            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE




## <u>PROOF OF SERVICE</u>

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November _1, 2012            s/ Lisa C. Bartlett
                                    Case Manager

---

[6]Additionally, the Court has reviewed Defendant's proposed counterclaim and finds that it would survive a Rule 12(b)(6) Motion to Dismiss under the standards set forth in *Iqbal* and *Twombly*.  Thus, Defendant's Motion to Add a Counterclaim is not futile.

8