UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FINISAR CORPORATION,**

       **Plaintiff,**              **CIVIL ACTION NO. 11-CV-15625**

  **vs.**                       **DISTRICT JUDGE PAUL D. BORMAN**

                                   **MAGISTRATE JUDGE MONA K. MAJZOUB**

**CHEETAH OMNI, LLC,**

       **Defendant.**
_____/

### REPORT AND RECOMMENDATION

Defendant is the owner of U.S. Patent No. 6,888,661 ("the '661 patent") and U.S. Patent No. 6,847,479 ("the '479 patent"). (*See* docket no. 52 at 6.) In 2011, Defendant sued Plaintiff's customers for infringement of the '661 and '479 patents (the "Texas Action."); Defendant did not sue Plaintiff in the Texas Action even though the alleged infringement involved Plaintiff's customers' use of an optical switch provided by Plaintiff. (*See* docket no. 56 at 3.) Plaintiff then filed the instant action for a declaratory judgment of non-infringement. (*Id.*)

Before the Court is Plaintiff's Motion for Judgment on the Pleadings. (Docket no. 19.) Defendant filed a response (docket no. 29), and Plaintiff filed a Reply (docket no. 33). This matter has been referred to the undersigned for consideration. (Docket no. 72.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[1]

**I.**     **Recommendation**

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

1

For the reasons that follow, the Court recommends denying Plaintiff's Motions for Judgment on the Pleadings. (Docket no. 19.)

## II.     Report

### A.     Facts

Defendant filed its Answer to Plaintiff's Complaint on February 27, 2012. (Docket no. 16.) In response to the allegations in Paragraphs 27, 33, 39, 49, 55, and 61 of the Complaint, Defendant stated as follows:

> To the extent any claim of the [patents at issue] cover any product made by Finisar, that product, by definition, infringes. However, Cheetah has not sued Finisar for infringing the [patents at issue].

(*Id.* ¶¶ 27, 33, 39, 49, 55, 61.) Viewing this response as a failure to deny non-infringement, Plaintiff filed its instant Motion. (Docket no. 19.)

On November 27, 2012, the Court issued a Text-Only Order ordering Defendant to file an Amended Answer. Defendant filed its Amended Answer on December 5, 2012. (Docket no. 85.) Defendant's amended responses to Paragraphs 27, 33, 39, 49, 55, and 61 of the Complaint state as follows: "Denied. Finisar's LCoS-based WSSs directly or indirectly infringe at least [enumerated claims] of [the patents at issue]." (*Id.* ¶¶ 27, 33, 39, 49, 55, 61.)

### B.     Standard of review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Motions for judgment on the pleadings are reviewed under the same standard used for reviewing a motion under Fed. R. Civ. P. 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). The Court must construe the complaint in the light most favorable to the non-moving party, accept all well-pled factual

allegations as true, and determine whether the complaint states a plausible claim for relief. *Id.* (citations omitted). And when determining whether a plaintiff is entitled to a Judgment on the Pleadings, such a judgment may be based on admissions by the Defendant under Fed.R.Civ.P. 8(b). *See, e.g.*, *Encompass Ins., Inc. v. Hagerty Ins. Agency, Inc.*, No. 08-337, 2009 WL 160776, at *6 (W.D. Mich. Jan. 22, 2009).

### C. Analysis

Pursuant to the Court's November 27, 2012 Order, Defendant has amended its response to Plaintiff's Complaint. (*See* docket no. 85.) Throughout the course of this matter, Defendant indicated to the Court and to Plaintiff that it did not *want* to bring an infringement claim against Plaintiff on the patents at issue in this matter. Defendant's initial Answer, while somewhat ambiguous, echoed this sentiment. More importantly, however, Defendant indicated that it would bring such a claim if its Motions to Dismiss on jurisdictional grounds were denied. Defendant's motions were denied (docket nos. 48 and 49), and it has brought such a Counterclaim (docket no. 71); Defendant's Amended Answer corresponds with its Counterclaim. Plaintiff's Motion for Judgment on the Pleadings was based on the ambiguity in Paragraphs 27, 33, 39, 49, 55, and 61 of Defendant's Answer. (Docket no. 19.) Because Defendant's Amended Answer unambiguously denies Plaintiff's allegations as set forth in Paragraphs 27, 33, 39, 49, 55, and 61, the Court recommends denying Plaintiff's Motion for Judgment on the Pleadings.

### D. Conclusion

For the above-stated reasons, the Court recommends denying Plaintiff's Motions for Judgment on the Pleadings. (Docket no. 19.)

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate

to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: December 10, 2012                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: December _10_, 2012          s/ Lisa C. Bartlett
                                                     Case Manager