**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FINISAR CORPORATION,**

        *Plaintiff/Counter-Defendant,*

**v.**

**CHEETAH OMNI, LLC,**

        *Defendant/Counter-Plaintiff.*

HONORABLE PAUL D. BORMAN

Case No. 2:11-cv-15625-PDB-MKM

**JURY TRIAL DEMANDED**

# DEFENDANT'S MOTION TO COMPEL PLAINTIFF FINISAR TO PROVIDE COMPLETE INTERROGATORY RESPONSE, PRODUCE DOCUMENTS, AND PROVIDE PRIVILEGE LOG



Defendant, Cheetah Omni, LLC ("Cheetah") moves for an order requiring Plaintiff, Finisar Corporation ("Finisar") to provide a complete response to Interrogatory No. 1, to produce documents and things in response to Document Request Nos. 9 and 10, and to provide a privilege log for documents being withheld on the basis of privilege, work product, or otherwise. Cheetah further requests that Finisar be required to do so within two weeks of such order. In making this motion, Cheetah relies on the accompanying brief in support of its motion.

Pursuant to L.R. 7.1, communications and a conference between attorneys for the parties were held during which counsel for Cheetah explained the nature of this motion and its legal bases and requested but did not obtain concurrence in the relief sought.

Dated: February 19, 2013

Respectfully submitted,

By: _/s/ John M. Halan_____

    Thomas A. Lewry   (P36399)
    Robert C.J. Tuttle   (P25222)
    John M. Halan   (P37616)
    John S. LeRoy   (P61964)
    Christopher C. Smith  (P73936)
    1000 Town Center, Twenty-Second Floor
    Southfield, Michigan 48075
    Telephone: (248) 358-4400
    Facsimile: (248) 358-3351
    Email: tlewry@brookskushman.com
          jleroy@brookskushman.com
          csmith@brookskushman.com

*Attorneys for Defendant*



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FINISAR CORPORATION,**

        *Plaintiff/Counter-Defendant,*

**v.**

**CHEETAH OMNI, LLC,**

        *Defendant/Counter-Plaintiff.*

HONORABLE PAUL D. BORMAN

Case No. 2:11-cv-15625-PDB-MKM

**JURY TRIAL DEMANDED**

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF FINISAR TO PROVIDE COMPLETE INTERROGATORY RESPONSE, PRODUCE DOCUMENTS, AND PROVIDE PRIVILEGE LOG



# I.    INTRODUCTION

Defendant, Cheetah Omni, LLC ("Cheetah") moves for an order requiring Plaintiff, Finisar Corporation ("Finisar") to provide a complete response to Interrogatory No. 1, to produce documents and things in response to Document Request Nos. 9 and 10, and to provide a privilege log for documents being withheld on the basis of privilege, work product, or otherwise.  Cheetah further requests that Finisar be required to do so within two weeks of such order.

In response to Interrogatory No. 1, directed to sales and margins, Finisar relied on Rule 33(d). However, Finisar has refused to cite any "records," but instead has inappropriately referred to an after-the-fact document created solely for this litigation.  Further, Finisar has not provided the information requested regarding "deductions and margin calculations." Accordingly, Finisar should be ordered to provide a complete response through (1) a narrative answer, or (2) the identification and production of true business records that comply with the "substantially the same" burden standard of Rule 33(d).

As to Document Request Nos. 9 and 10, while Finisar pled that it did not induce patent infringement, Finisar refuses to produce requested communications and agreements regarding indemnification with third parties already accused of infringement in a Texas Action, asserting they are not relevant.   Such documents are relevant because they could serve to establish elements of inducement such as Finisar's knowledge of the patents and intent to cause such third parties to infringe, whether through assurances, indemnification, or otherwise.   Also, these communications and agreements will show the degree of privity between Finisar and the Texas defendants.  Accordingly, Finisar should be ordered to produce all materials responsive to these document requests.



1

Finally, Finisar should be ordered to provide a privilege log because it has relied on privilege and work product in refusing to provide information and documents responsive to discovery requests.

## II.   ANALYSIS

## A.   Interrogatory No. 1

### 1.   Finisar Has Refused To Provide An Appropriate Response To Interrogatory No. 1

Interrogatory No. 1 is directed to the following:

**INTERROGATORY NO. 1**
For all WSS Devices sold, provide an accounting by model or part number, on an annual basis, of the gross sales volume, gross revenue, and all deductions and margin calculations made in the ordinary course of business.

(Exhibit 1.)

On November 12, 2012, Finisar responded in as follows:

**RESPONSE:**
Finisar incorporates its General Objections as and for its objections to Interrogatory No. 1. Finisar further objects to Interrogatory No. 1 because it is vague, ambiguous, overly broad and unduly burdensome, especially with respect to the terms "WSS Devices" and "all deductions and margin calculations made in the ordinary course of business," and with respect to time frame and territory. Finisar further objects to Interrogatory No. 1 because it seeks information not relevant to products at issue in this action.

Subject to and without waiving the foregoing objections, Finisar responds that, pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory with respect to Finisar products at issue in this action may be determined by examining the documents Finisar has produced and will produce to Cheetah, and that the burden of deriving or ascertaining the answer is the same for either party. In particular, the information Cheetah seeks is ascertainable **in part** from the following document: FINMICH00010264. Finisar will supplement its response to this Interrogatory subsequent to further productions to identify other relevant documents by Bates number, to the extent any such documents exist.  Further, Finisar continues its investigation and reserves the right to otherwise supplement its response to this Interrogatory.



(Exhibit 1, emphasis added.)

The single document referenced in this response, the document bearing Bates No. FINMICH00010264 (*see, e.g.,* Exhibit 2, a sample page from the FINMICH00010264 Excel spreadsheet), is not a "business record," but instead, as admitted by Finisar's counsel, is a document prepared for this litigation (*see, e.g.*, Exhibit 4).  Accordingly, Cheetah's counsel repeatedly requested (Exhibits 3 and 5) that Finisar provide an appropriate narrative answer, or actual business records, in response to Interrogatory No. 1.

Finisar's counsel refused to do so.  (Exhibit 4 and 6.)  Instead, following a January 14, 2013 meet and confer conference, during which Cheetah's counsel again requested an appropriate response, Finisar's counsel represented, "we will provide by January 25 an updated version of the spreadsheet FINMICH00010264 that provides the information sought. . . ."  (Exhibit 7.) While, an updated spreadsheet bearing Bates No. FINMICH00010265 was produced on January 14, 2013 (*see, e.g.,* Exhibit 8, a sample page from the FINMICH00010265 Excel spreadsheet), this again was a litigation induced creation, not a business record – and did not include the requested "deductions and margin calculations" information.

### 2. Finisar Should Be Ordered To Provide An Appropriate Narrative Answer, Or Actual Business Records, In Response To Interrogatory No. 1, Including Responsive Information Regarding Deductions And Margin Calculations

Regarding a reliance on business records, Rule 33(d) provides in pertinent part as follows: "If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a <u>party's business records</u> (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: . . . <u>specifying the records that must be reviewed</u>, in sufficient detail to enable the interrogating party to locate and identify them. . . ."



(Emphasis added); *see also In re G-I Holdings, Inc.*, 218 F.R.D. 428, 438 (D.N.J. 2003) ("The option afforded by Rule 33(d) is not a procedural device for avoiding the duty to give information. . . . Rather, the responding party has a 'duty to specify, by category and location' <u>the records</u> from which he knows the answers to the interrogatories can be found." (internal citation omitted, emphasis added)).

The two documents produced and relied upon by Finisar are not "business records" but are instead litigation-induced creations. To allow a party, such as Finisar, to rely on such litigation-induced creations would subvert discovery because it would enable such a party to characterize, or mischaracterize, the actual records and information to its benefit.

Furthermore, Finisar has not yet provided the information requested pursuant to Interrogatory No. 1 regarding "deductions and margin calculations made in the ordinary course of business." Indeed, Finisar admits in its response to Interrogatory No. 1 that the document it created is only partially responsive to the interrogatory.

Accordingly, Finisar should be ordered to provide a supplemental response to Interrogatory No. 1, and to more specifically provide a complete narrative answer to Interrogatory No. 1, or to identify and produce true business records which comply with the "substantially the same" burden of Rule 33(d) and from which all of the requested information can be ascertained, including all responsive information regarding "deductions and margin calculations made in the ordinary course of business."

**B.  Document Request Nos. 9 And 10**

### 1.  Finisar Has Refused To Produce Documents Responsive To Document Request Nos. 9 And 10

In its complaint, Finisar asserted the following:

21.  July 29, 2011, Cheetah filed a patent infringement action in the United States District Court for the Eastern District of Texas, Case No. 6:11-cv-00390



4

(the "Texas Action"), against Alcatel-Lucent USA, Inc., Alcatel-Lucent Holding, Inc., Ciena Corporation, Ciena Communications, Inc., Fujitsu Network Communications, Inc., Tellabs, Inc., Tellabs Operations, Inc., Tellabs North America, Inc., Nokia Siemens Networks US LLC, Huawei Technologies USA, Inc., and Huawei Device USA, Inc. (collectively, "Texas Defendants"). The Texas Defendants include Finisar customers.

22.    Cheetah did not name Finisar as a defendant in the Texas Action but alleges that products of the Texas Defendants incorporating Finisar's WSS and the LCoS technology infringe the '661 and '479 Patents.

(Dkt. No. 1)

Finisar also asserted in its Complaint, **repeatedly, that it never induced any of the defendants in the Texas Action to infringe** the '661 or '479 Patents. (*See, e.g.*, Dkt. No. 1, Complaint, ¶¶ 29, 35, 41, 51, 57, 63.)

Document Request Nos. 9 and 10 were directed to the following:

**DOCUMENT REQUEST NO. 9:**
All requests for indemnification relating to the Texas Action.

**DOCUMENT REQUEST NO. 10:**
All indemnification agreements relating to the Texas Action.

(Exhibit 9.)

Related Document Request No. 11 was directed to the following:

**DOCUMENT REQUEST NO. 11:**
All joint defense agreements to which You are a party relating to the '479 or '661 patents, or the Texas Action.

(Exhibit9.)

Finisar responded to Request Nos. 9 and 10 as follows:

Finisar incorporates its General Objections as and for its objections to this Request. Finisar objects to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Finisar further objects to this Request to the extent it seeks documents that are not relevant to any claim or defense in this action, nor likely to lead to the discovery of admissible evidence. Finisar further objects to this Request to the extent it seeks information to which Finisar owns a duty of confidentiality to a third party.



Finisar further objects to this Request as vague and ambiguous, particularly as to "relating to." Finisar further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks "all" indemnification agreements "relating to" the Texas Action.

Subject to and without waiving the aforementioned general and specific objections, Finisar will produce responsive, non-privileged documents found after a reasonable search, to the extent any such documents exist and have not already been produced to Cheetah.

(Exhibit 9.)

Despite this response, Finisar initially refused to provide any such documents, asserting they were "highly sensitive and at least partially privileged." (Exhibit 4.) After it was pointed out to Finisar's counsel that such an objection was without merit (Exhibit 5), he then asserted that such documents are not relevant (Exhibit 7).

During the January 14, 2013 meet and confer conference call, Finisar's counsel offered, "as a compromise, . . . to produce to Cheetah Finisar's joint defense agreements between Finisar and the Texas defendants" in response to Document Request No. 11. (Exhibit 7.) However, Finisar refused to produce the indemnification communications and agreements requested pursuant to Document Request Nos. 9 and 10, maintaining that such materials are not relevant. (Exhibit 7.)

> **2.     Finisar Should Be Ordered To Produce All Responsive Indemnification Communications And Agreements With The Texas Defendants Because Such Materials Are Relevant To At Least Finisar's Claim That It Did Not Induce The Texas Defendants To Infringe**

In the present case, it is inescapable that communications between Finisar and the Texas defendants would be relevant to whether Finisar induced the Texas defendants to infringe.

35 U.S.C. §271(b) provides: "Whoever actively induces infringement of a patent shall be liable as an infringer." This statute is directed to circumstances where one party has actively induced the infringement of a patent by encouraging or causing another to infringe the patent. In



general, factors relevant to whether a party, such as Finisar, induced another, such as any one of the Texas Defendants, to infringe under 35 U.S.C. §271(b) are (1) knowledge of the patent, *see, e.g., Ricoh Co., Ltd. V. Quanta Computer Inc.*, 550 F.3d 1325 (Fed. Cir. 2008), and (2) conduct, such as communications, with another party with the intent of causing that party to infringe the patent, *see, e.g., Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009).

In the present case, the specific discovery sought by Cheetah pursuant to this motion, would be relevant to at least these two factors.

First, such indemnification communications and agreements could establish Finisar's knowledge of the '479 and/or '661 patents. Second, and more important, such discovery could lead to the discovery of evidence of Finisar's intent to cause one or more of the Texas defendants to infringe the '479 and/or '661 patents, whether through communicated assurances, through indemnification, or otherwise. While an indemnification agreement, by itself, "will generally not establish a intent to induce infringement, . . . such intent can be inferred when the primary purpose is to overcome the deterrent effect that the patent laws have on would-be infringers." *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed. Cir. 2005) (citation omitted); *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1470 (Fed. Cir. 1990). Such purpose can only be determined upon reviewing the indemnification communications and agreements between Finisar and the Texas defendants.

Additionally, these documents will inform of the privity between Finisar and the Texas defendants for the *res judicata* determination. The Sixth Circuit test for privity of parties is stated in <u>*Sanders Confectionary Products, Inc. v. Heller Financial, Inc.*</u>, 973 F.2d 474, 481 (6th Cir. 1992):

> Privity in this sense means a successor in interest to the party, one who controlled the action, or one whose interests were adequately represented.



The documents at issue will show the adequacy of Finisar's representation of the interests of the Texas defendants whose accused products incorporate the Finisar wavelength selective switches at-issue in this case.  If infringement and validity of Cheetah's products are determined in this action, Finisar's privies in the Texas Action would likewise be bound under principles of *res judicata*.  *Richards v. Jefferson County*, 517 U.S. 793, 798-99 (1996); *Souffront v. La Compagnie des Sucreries*, 217 U.S. 475, 486-87 (1910).

Accordingly, Finisar should be ordered to produce all materials in response to Document Request Nos. 9 and 10.

## C.    Finisar Should Be Ordered To Provide A Privilege Log

Finisar's General Objection No. 4 to Cheetah's interrogatories and document requests asserts attorney-client privilege and work product.  (Exhibits 1 and 9.)  Additionally, most of the specific interrogatories and document requests were met by the same objection.  (Exhibits 1 and 9.)  In some case, such as Interrogatory No. 8 and Document Request No. 8, Finisar relied on such objections to refuse any discovery.

Despite Cheetah's requests for a privilege log (*see e.g.*, Exhibits 3, p. 2 and 5, p.1), Finisar has refused commit to providing one and in fact has provided no Rule 26(b)(5) disclosures for any information or documents being withheld.

However, a Rule 26(b)(5) privilege log, in sufficient detail to support the claim of privilege or immunity, is required.  *See, e.g.,* Magistrate Judge Majzoub's Opinion in *Nissan North America, Inc. v. Johnson Elec. North America, Inc.*, 2011 WL 1790354 *2 (E.D. Mich., Aug 3, 2011):

> Defendant argues that this request seeks information … protected from disclosure by the attorney-client privilege or work product doctrine. Defendant has not submitted a privilege log. The practice of listing possible privileges and failing to submit a privilege log is not proper. See Fed. R. Civ. P. 26(b)(5). … Each document to which a privilege is claimed must be listed and described in a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).



Accordingly, Finisar should be ordered to provide a privilege log.

### III.    CONCLUSION

For the reasons set forth in this brief, Cheetah requests that Finisar be ordered to provide a complete response to Interrogatory No. 1, to produce documents and things in response to Document Request Nos. 9 and 10, and to provide a privilege log for documents being withheld on the basis of privilege, work product, or otherwise.  Cheetah further requests that Finisar be required to do so within two weeks of such order.

Respectfully submitted,

Dated:  February 19, 2013

By:  /s/ John M. Halan
          Thomas A. Lewry      (P36399)
          Robert C.J. Tuttle     (P25222)
          John M. Halan         (P37616)
          John S. LeRoy         (P61964)
          Christopher C. Smith  (P73936)
          1000 Town Center, Twenty-Second Floor
          Southfield, Michigan 48075
          Telephone:  (248) 358-4400
          Facsimile:  (248) 358-3351
          Email: tlewry@brookskushman.com
                   jleroy@brookskushman.com
                   csmith@brookskushman.com

          *Attorneys for Defendant*



## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on <u>February 19, 2013,</u> I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that copies of Exhibits 2 and 8 which were electronically filed UNDER SEAL using the ECF System were sent via U.S. First Class Mail to:

A. Michael Palizzi
Michael C. Simoni
Miller, Canfield
150 W. Jefferson Ave., Suite 2500
Detroit, MI 48226-4415

Jon R. Steiger
Quinn, Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

David Radulescu
Quinn, Emanuel
51 Madison Avenue, 22nd Floor
New York, New York 10010

**BROOKS KUSHMAN P.C.**

   /s/  John M. Halan
Thomas A. Lewry       (P36399)
Robert C.J. Tuttle      (P25222)
John M. Halan         (P37616)
John S. LeRoy         (P61964)
Christopher C. Smith  (P73936)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone:  (248) 358-4400
Facsimile:  (248) 358-3351
Email: tlewry@brookskushman.com
       jleroy@brookskushman.com
       csmith@brookskushman.com

*Attorneys for Defendant*

