**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FINISAR CORPORATION,

    Plaintiff/Counter-Defendant,    Civil Action No.: 11-CV-15625

    vs.    District Judge Paul D. Borman

        Magistrate Judge Mona K. Majzoub

CHEETAH OMNI, LLC.

    Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL [109]**

This matter comes before the Court on Defendant's Motion to Compel. (Docket no. 109.) Defendant filed a Response (docket no. 115), Plaintiff filed a Reply (docket no. 117), and the Parties filed a Joint Statement of Resolved and Unresolved Issues (docket no. 118). The motion has been referred to the undersigned for consideration. (Docket no. 112.) The parties have fully briefed the motion; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    Background**

Defendant is the owner of U.S. Patent No. 6,888,661 ("the '661 patent") and U.S. Patent No. 6,847,479 ("the '479 patent"). (*See* docket no. 52 at 6.) In 2011, Defendant sued Plaintiff's customers for infringement of the '661 and '479 patents (the "Texas Action"); Defendant did not sue Plaintiff in the Texas Action even though the alleged infringement involved Plaintiff's

customers' use of an optical switch provided by Plaintiff. (*See* docket no. 56 at 3.) Plaintiff then filed the instant action for a declaratory judgment of non-infringement. (Docket no. 1.) Defendant then filed a Counterclaim alleging patent infringement. (Docket no. 71.)

On October 4, 2012, Defendant served Plaintiff with Defendant's Interrogatories and Requests for Production of Documents. Plaintiff served its initial responses and objections on November 12, 2012. (Docket nos. 115-2, 115-3.) Defendant's instant Motion challenges the sufficiency of Plaintiff's Responses to Interrogatory No. 1 and Requests for Production Nos. 9 and 10, several issues in connection with a privilege log, and the scope of Defendant's Request for Production No. 17.[1] (*See* docket no. 115.)

Defendant first raised its concerns with Plaintiff's initial responses on December 21, 2012. (Docket no. 115-4.) In early January 2013, the parties agreed to conduct a telephone conference to discuss the disputed discovery issues. (*See* docket no. 115 at 3-4.) The parties conferred on January 14, 2013, at which time Plaintiff agreed to supplement its response to Interrogatory No. 1 and to produce documents in response to Interrogatory No. 10. It does not appear that the parties reached a resolution with regard to Interrogatory No. 9. (*See id.* at 7-8.)

On January 25, 2013, Plaintiff served its supplemental responses.[2] (Docket nos. 115-10 and 115-11.) Defendant raised no concerns over Plaintiff's responses, and on February 6, the parties had a conference with the Court related to another discovery dispute. Plaintiff alleges that the parties

---

[1] The Parties indicate in their Joint Statement that they have resolved their issues with regard to Requests for Production Nos. 10 and 17 and with the privilege log. (Docket no. 118 at 1.)

[2] Defendant now acknowledges that Plaintiff's supplemental responses were sufficient with regard to Request for Production No. 10 even though Defendant filed its Motion arguing otherwise after it received the supplemental responses. (*See* docket nos. 117 and 118.)

had several discussions with regard to the other discovery dispute between February 6, 2013, and February 19, 2013 (the day that Defendant filed its instant Motion to Compel), but Defendant never informed Plaintiff that it intended to file the instant Motion. (Docket no. 115 at 8-9, 11.)

## II.     Governing Law

### A.     Discovery Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the

3

motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust.  Fed.R.Civ.P. 37(A)(5)(a).

**III.    Analysis**

        **A.    Defendant's Failure to Comply with Local Rule 7.1(a)**

Eastern District of Michigan Local Rule 7.1(a) provides, in relevant part, as follows:

(1)    The movant must ascertain *whether the contemplated motion* . . . will be opposed.

(2)    If concurrence is not obtained, the motion or request must state:

    (A)    there was a conference between attorneys . . . in which the movant *explained the nature of the motion* . . . and its legal basis and requested but did not obtain concurrence in the relief sought; or

    (B)    despite reasonable efforts specified in the motion . . . , the movant was unable to conduct a conference.

E.D. Mich. L.R. 7.1(a) (emphases added).

Plaintiff asserts that Defendant failed to comply with Local Rule 7.1(a) and that the Court should, therefore, deny Defendant's Motion.  (Docket no. 115 at 11 (citing *Khalil v. Transunion, LLC*, No. 08-10303, 2008 WL 4642857 at *3 (E.D. Mich. Oct. 20, 2008).)  Defendant asserts that it only brought the instant Motion because Plaintiff's supplemental responses served on January 25, 2013, did not comply with the parties' January 14, 2013 agreement.  (Docket no. 117 at 2.)  Thus, Defendant contends, any additional conference between the parties would be nothing more than a "repeated cycle[] of pre-filing exchanges and broken promises."  (*Id.*)

Even assuming that Defendant's assertion regarding the sufficiency of Plaintiff's supplemental response is true, nothing in Rule 7.1 suggests that the rule only applies when a party feels that seeking concurrence will be worthwhile.  Moreover, the rule specifically states that the

4

movant is required to "explain[] the nature of the motion" and "ascertain whether the contemplated motion . . . will be opposed." E.D. Mich. L.R. 7.1(a). Such language suggests that the respondent must be informed that the movant intends to file a motion, not that there is merely a discovery dispute. Defendant does not claim to have informed Plaintiff that the instant Motion was forthcoming. To the contrary, Defendant does not even appear to have informed Plaintiff that its January 25, 2013 supplemental responses were insufficient. The conference contemplated by Rule 7.1 is particularly relevant in a matter such as the instant Motion where Defendant alleged that it had not received responses to its Request for Production No. 10 when it had, in fact, received such responses. The Court believes that the parties could have easily narrowed the scope of the instant Motion had they conferred under Rule 7.1.

Nevertheless, the Court is also convinced that the parties would have been unable to resolve the issues that remain outstanding with regard to Interrogatory No. 1 and Request for Production No. 9. Therefore, while the Court could deny Defendant's Motion for failure to comply with Rule 7.1, the Court will address these issues in the interests of justice and judicial economy.

### B. Defendant's Interrogatory No. 1

Defendant's interrogatory No. 1 seeks the following:

> For all WSS Devices sold, provide an accounting by model or part number, on an annual basis, of the gross sales volume, gross revenue, and all deductions and margin calculations made in the ordinary course of business.

(Docket no. 109 at 5.) Plaintiff initially responded by objecting to the terms "WSS Devices" and "all deductions and margin calculations made in the ordinary course of business" as vague. (*See id.*) Notwithstanding its objections, citing Fed. R. Civ. P. 33(d), Plaintiff directed Defendant to a spreadsheet that it had previously provided. (*Id.*)

Defendant found Plaintiff's response insufficient because (1) the spreadsheet to which Plaintiff referred was created solely for the purpose of litigation and was not, therefore, a business record under Fed. R. Civ. P. 33(d); and (2) the spreadsheet did not contain any deduction or margin calculations as requested. During the parties' January 14, 2013, conference, Plaintiff agreed to supplement its response to "provide[] the information sought." (*See* docket no. 109-8.)

On January 25, 2013, Plaintiff served its supplemental response to Interrogatory No. 1 and updated the spreadsheet; Plaintiff also removed any reference to Fed. R. Civ. P. 33(d) in its objections. Defendant, however, still raises its previous concerns in the instant Motion and asks that the Court compel Plaintiff to "either (a) give [Defendant] a full and complete narrative response to Interrogatory No. 1 or (b) update its spreadsheet summary to provide the missing [deduction and margin] information." (Docket no. 117 at 3-4.)

With regard to a narrative response, Plaintiff contends that Defendant did not request a narrative response in its interrogatory. (Docket no. 115 at 13.) Moreover, Plaintiff asserts that "[i]t is unclear what would be the 'narrative' way of providing [the financial] data." (*Id.* at 12.) The Court agrees and will, therefore, not require Plaintiff to file a narrative response to Defendant's Interrogatory No. 1.

With regard to the missing financial information, Plaintiff argues that "[t]he terms 'deduction' and 'margin' have various meanings depending on given contexts (*e.g.*, price deductions, profit deductions, operating income deductions, tax-related deductions, gross margins, average margins, net margins, operating margins), including context that would have no relevance to this case." (Docket no. 115 at 14.) Thus, Plaintiff concludes, "[c]alling for "all" [deduction and margin] data is overly broad and burdensome." (*Id.*) Defendant argues that Plaintiff cannot

6

"seriously contend that it does not know its deduction and margin calculations 'made in the ordinary course of business.'" (Docket no. 117 at 3.)

Defendant, however, misconstrues Plaintiff's argument: Plaintiff has not asserted that it does not know its deductions and margins; Plaintiff has asserted that providing "all" of its margin and deduction data would be unduly burdensome when much of that data would be irrelevant to the case at hand. The Court agrees and will, therefore, deny Defendant's Motion to Compel with regard to Interrogatory No. 1. The Court's order, however, will not preclude Defendant from serving Plaintiff with a more narrowly tailored interrogatory requesting the same information or a Rule 34 request for production of documents containing similar financial data.

### C.     Defendant's Request for Production of Documents No. 9

Plaintiff's Complaint asserts that "it 'is entitled to a declaratory judgment that [Plaintiff] has not infringed and is not now infringing, directly, contributorily, **or by inducement**, any valid claim' of the patents-in-suit." (Docket no. 117 at 4 (citing Docket no. 1 ¶¶ 29, 35, 41, 51, 57, 63 and Prayer for Relief ¶¶ E-J) (emphasis in original).) Defendant does not assert infringement by inducement in its Counterclaim against Plaintiff. (*See* docket no. 71.)

Defendant's Request for Production Nos. 9, 10, and 11, sought the following:

[9]     All requests for indemnification relating to the Texas Action[;]

[10]    All indemnification agreements relating to the Texas Action[;] and

[11]    All joint defense agreements to which You are a party relating to the '479 or '661 patents, or the Texas Action.

(*See* docket no. 109 at 8.) Plaintiff initially objected to Defendant's requests asserting (1) various forms of privilege; (2) relevance; (3) a duty of confidentiality owed to third parties; and (4) vagueness and overbreadth regarding the term "relating to." (*See id.* At 8-9.) As noted, the parties

7

have resolved their issues with regard to Request for Production No. 10 and any issues surrounding the necessity of a privilege log, and Defendant's Motion to Compel did not seek any relief with regard to Request for Production No. 11. (*See* docket no. 118.) Therefore, the Court need only determine whether Plaintiff should be ordered to produce documents responsive to Defendant's Request for Production No. 9. In it's response to Defendant's Motion, Plaintiff asserts that the requested documents are irrelevant and that they are protected by the common-interest and joint-defense privileges. (Docket no. 115 at 15-19.)

Defendant argues that the documents it seeks are relevant to determine whether Plaintiff induced its customers (defendants in the Texas Action) to infringe on Defendant's patents-in-suit.[3] (Docket no. 109 at 9-10.) Specifically, Defendant contends that any communications between Plaintiff and the Texas Defendants will show when Plaintiff acquired knowledge of the patents-in-suit and will evidence whether Plaintiff had the intent to cause the Texas Defendants to infringe. (*Id.* at 10.) Plaintiff argues that (1) any indemnification requests are irrelevant because Defendant did not allege infringement by inducement in its Counterclaim, and (2) post-suit requests for indemnification cannot establish pre-suit knowledge or intent. (Docket no. 115 at 15-17.)

Regardless of the parties' arguments, Defendant's Motion to Compel these documents must fail because Defendant asks the Court to compel the production of documents that Defendant never requested. Through its Motion, Defendant seeks "communication" between Plaintiff and the Texas

---

[3]Defendant also argues that the documents would inform on the privity between Plaintiff and the Texas Defendants for purposes of *res judicata* determination. (Docket no. 109 at 10-11.) Defendant contends that "[i]f infringement and validity of [Defendant's] products are determined in this action, [Plaintiff's] privies in the Texas Action would likewise be bound under principles of *res judicata*." (*Id.* at 11.) As Plaintiff points out, however, whether *res judicata* would apply to the Texas Action is a hypothetical issue that need only be addressed if Defendants are successful in this matter, and even then, it is an issue that would be before the Texas court.

Defendants to establish Plaintiff's knowledge and intent. (*See* docket no. 109 at 9-11.) Specifically, Defendant argues that "[Plaintiff's] communications regarding indemnification can evidence intent to induce." (Docket no. 117 at 5.) But Defendant's Request for Production No. 9 does not seek "communication regarding indemnification" or even any "communication" regarding *requests* for indemnification; Defendant's Request seeks "[a]ll *requests for indemnification* relating to the Texas Action." (*See* docket no. 109 at 8 (emphasis added).) And with regard to such a documents, the Court finds that they are not relevant to the matter at hand. Requests for indemnification made by the Texas Defendants to Plaintiff cannot evidence Plaintiff's knowledge or intent to induce infringement. Therefore, the Court will deny Defendant's Motion to Compel a response its Request for Production of Documents No. 9.

### D. Plaintiff's Request for Costs

Plaintiff requests that the Court award its fees for responding to Defendant's Motion "under the unique and extreme circumstances" herein. (Docket no. 115 at 22.) As noted, Defendant failed to comply with E.D. Mich. L.R. 7.1(a), and the Court believes that if Defendant had conferred with Plaintiff before filing the instant Motion, the scope of the Motion could have been easily narrowed. Significantly, Defendant's Motion was filed a mere 13 days after the Court warned the parties that continued, unnecessary discovery disputes should be avoided. Moreover, with regard to Request for Production No. 9, Defendant's Motion asks the Court to compel documents that Defendant never requested. Thus, the Court finds that an award of reasonable fees for Plaintiff's time spent responding to Defendant's Motion is appropriate. The Court, however, also finds that even though Defendant's Motion was denied, its position with regard to Interrogatory No. 1 was substantially justified. Therefore, the Court will award Plaintiff reasonable fees incurred in responding to

Defendant's Motion with the exception of any time spent responding to Defendant's Motion to Compel a Response to Interrogatory No. 1. Plaintiff will be ordered to submit a bill of costs for such fees within 21 days.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for costs is **GRANTED**.

    a.    Defendant is ordered to pay reasonable expenses, including attorneys fees, incurred by Plaintiff as a result of responding to Defendant's Motion to Compel.

    b.    Plaintiff must submit to the Court a bill of costs itemizing the costs associated with its response to the instant Motion, but Plaintiff must deduct any costs associated with responding to Defendant's Motion to Compel a response to Interrogatory No. 1. Plaintiff's bill of costs must be submitted to the Court within 21 days, at which time the undersigned will submit to the Court a Report and Recommendation indicating the amount of costs for which Defendant should be held liable pursuant to this Order.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 27, 2013        s/ Mona K. Majzoub
                                   MONA K. MAJZOUB

UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 27, 2013          s/ Lisa C. Bartlett
                              Case Manager