# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**FINISAR CORPORATION,**

    **Plaintiff/Counter-Defendant,**    Civil Action No. 11-cv-15625

    **vs.**    **District Judge Paul D. Borman**

**CHEETAH OMNI, LLC,**    **Magistrate Judge Mona K. Majzoub**

    **Defendant/Counter-Plaintiff.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Finisar Corporation filed this action seeking declaratory judgment of non-infringement regarding two patents owned by Defendant Cheetah Omni, LLC; Defendant has filed a Counterclaim alleging patent infringement and has also filed various Complaints against Plaintiff's customers in the U.S. District Court for the Eastern District of Texas. (*See* docket no. 126.) On October 4, 2012, Defendant served Plaintiff with Defendant's Interrogatories and Requests for Production of Documents, to which Plaintiff initially responded on November 12, 2012. (*See* docket nos. 115-2, 115-3.)

Before the Court is Defendant's Motion to Compel, which challenged the sufficiency of Plaintiff's Responses to Interrogatory No. 1 and Requests for Production Nos. 9 and 10, raised several issues in connection with a privilege log, and challenged the scope of Defendant's Request for Production No. 17.1 (*See* docket no. 115.) On June 27, 2013, the Court entered an Order denying Defendant's Motion to Compel and awarding Plaintiff "reasonable fees incurred in responding to Defendant's Motion with the exception of any time spent responding to Defendant's

Motion to Compel a Response to Interrogatory No. 1." (Docket no. 126 at 9-10.) The Court now issues this Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(A).

## I. Recommendation

This Court recommends that Plaintiff be awarded reasonable costs and attorneys fees in the amount of $6,452.74, payable by Defendant.

## II. Report

### A. Procedural History

This matter was initially before the Court on Defendant's Motion to Compel. (Docket no. 109.) Plaintiff filed a Response (docket no. 115), and Defendant filed a Reply (docket no. 117). The motions were referred to the undersigned for consideration. (Docket no. 112.)

After a thorough review of the record and the Parties' arguments, the Court denied Defendant's Motion. Additionally, the Court found that Defendant failed to Comply with E.D. Mich. L.R. 7.1(a) and that if Defendant had properly conferred with Plaintiff, all of the issues in Defendant's Motion could likely have been resolved with the exception of those surrounding Defendant's Interrogatory No. 1. (Docket no. 126 at 9-10.) The Court reasoned that after Defendant filed its Motion and after Plaintiff responded, the Parties resolved their dispute with regard to all of the issues in Defendant's Motion except those related to Defendant's Interrogatory No. 1 and Defendant's Request for Production No. 9. And with regard to Defendant's Request for Production No. 9, the Court found that Defendant was seeking documents through its Motion that were never requested in its Request for Production. Moreover, the Court noted, "Defendant's Motion was filed a mere 13 days after the Court warned the parties that continued, unnecessary discovery disputes should be avoided." (*Id.* at 7-9.) Thus, the Court ordered Defendant to pay reasonable expenses,

including attorneys fees, that were caused by Defendant's failure to comply with previous orders. (*Id.* at 10.)

Pursuant to the Court's Order, Plaintiff submitted its Bill of Costs seeking $16,602.28 in fees related to its Response to Defendant's Motion. (Docket no. 130.) Plaintiff's attorney's fees are broken down as follows:

Quinn Emanuel Attorneys
    Attorney Jon Steiger:              $2,380.50      ($1,035.00 x 2.30 hours)
    Attorney David C. Radulescu:      $9,550.00      ($955.00 x 10.00 hours)
    Attorney Tigran Vardanian:        $11,739.00    ($645.00 x 18.20 hours)
    Paralegal Lyndsey Przybylski:      $1,015.00      ($290.00 x 3.50 hours)

    Total QE Attorney Fees:            $24,684.50
    Minus 10% QE Discount:           ($2,468.45)
    Total QE Fees after Discount       $22,216,05

Miller Canfield Attorneys
    Attorney Michael Palizzi:          $2,226.00      ($530.00 x 4.20 hours)

Total Attorney Fees:                      $24,442.05

30% Reduction for Interrogatory 1:    ($7,115.27)

Defendant's Total Liability:           $17,109.44[1]

(Docket no. 130) Defendant filed a letter in response to Plaintiff's Bill of Costs, arguing that the fees are inadequately described, unrelated to time entries, excessive, redundant, and otherwise unnecessary. (Docket no. 131.)

---

[1] Plaintiff's Bill of Costs does not set out the exact calculations of its $16,602.28 request for fees, but its 10% Quinn Emanuel Discount of $2,387.95 implies that the Quinn Emanuel attorneys billed a total of $23,879.50. (*See* docket no. 130 at 1.) A review of the attached bills, however, reveals that the Quinn Emanuel attorneys actually billed $24,684.50 in relation to this matter. The Court has been unable to account for the $805.00 discrepancy; thus, the Court based its calculation on the actual billings rather than Plaintiff's summary. Notably, after following through with the various discounts, the discrepancy results in Plaintiff requesting $507.16 *less* than its billings would otherwise indicate.

3

**B.     Attorney Fees Standard**

"Civil contempt sanctions are intended 'to enforce compliance with court orders and to compensate injured parties for losses sustained.'" *Banner v. City of Flint*, 99 Fed. App'x. 29, at *41 (6th Cir. 2004) (citing *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir.1994)). Under Rule 37(a)(5)(B), if a Motion to Compel is denied, the Court "must . . . require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. . . . [unless] the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett*, 2011 WL 740460, at *2 (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D.Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney fees: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

The Supreme Court has also provided guidance:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission[.]

*Hensley v. Eckerhard*, 461 U.S. 424 (1983).

### C. Analysis

#### 1. Reasonable Number of Hours

Defendant asserts that the 2.30 hours spent by Attorney Steiger on this matter are unreasonable and unsupported. (Docket no. 131 at 1-2.) Specifically, Defendant argues that Attorney Steiger's billing entries merely refer to emails, conferences and conference calls, and something referred to as "our strategy," without pointing to any tangible work product. Moreover, Defendant asserts that one entry noted as "conference call with opposing counsel" was regarding a separate discovery matter and that counsel never discussed the instant motion. (*Id.* at 2.) Thus, Defendant requests that the Court disallow all fees billed by Attorney Steiger.

Defendant further asserts that all of the work performed by Attorney Radulescu was excessive, redundant, and otherwise unnecessary in light of the work performed by Attorneys Vardanian and Palizzi. Defendant argues that because three attorneys worked on the same brief, "this overstaffing necessarily resulted in duplicative efforts." (*Id.*) Defendant, therefore, request

5

that the Court disallow all fees billed by Attorney Radulescu because he provided no work product and merely "read[] drafts of Attorney Vardanian's opposition brief." (*Id.*)

The Court pays attention to whether cases are overstaffed, that is, whether the hours expended were excessive, redundant, and unnecessary. To assure the reasonableness of the hours expended, attorneys are to give a court sufficient detail to evaluate the fee award. *See Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, 05-70110, 2011 WL 204750 at *4 (E.D.Mich. Jan. 21, 2011) (Roberts, J.) ("Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case. The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. If the documentation of hours is inadequate, the district court may reduce the award accordingly." (internal citations and quotations omitted)).

Although a single attorney may be more than capable of drafting a Response to a Motion to Compel, it is disingenuous for Defendant to suggest that it is not regular practice at most law firms for a senior partner (or even multiple senior partners) to collaborate with an associate, review his work product, and ultimately sign off on a document, particularly in a complex matter such as the instant patent litigation. Thus, the Court cannot accept that all of the time spent by Attorneys Steiger and Radulescu reviewing Attorney Vardanian's work product was *per se* unreasonable. Nevertheless, the Court does agree that the 12.3 hours spent by Attorneys Steiger and Radulescu conducing these reviews and conferences was excessive. Therefore, the Court recommends

reducing their total hours billed by 50%. The Court further recommends allowing the hours expended by Attorneys Vardanian and Palizzi and by Paralegal Przybylski to remain unchanged.

### 2.     Reasonable Hourly Rates

Defendant asserts that the rates charged by the individual attorneys in this matter are "exceptionally high, and do not meet the 'prevailing market rate.'" (Docket no. 131 at 3.) Defendant cites the recent *AIPLA Report of the Economic Survey 2011* in support of this assertion. Defendant does not address the hourly rate for Paralegal Przyblski. (*Id.*) Defendant contends that its position is further supported by Plaintiff's failure to provide an affidavit or declaration to support Plaintiff's fee request as required under E.D. Mich. L.R. 54.1 and 54.1.2. Defendant argues that such an affidavit is required to show the experience level, qualifications and prevailing rates as requested by Plaintiff. (*Id.* at 1.)

 "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir.2000). In assessing the "reasonable hourly rate," the court should assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command *within the venue of the court of record*." *Addock–Ladd*, 227 F.3d at 350 (emphasis added).

As noted by Defendant, Plaintiff has provided no basis for determining the skill and experience of its attorneys. Attorneys Steiger and Radulescu are listed as "Partner," and attorney Vardanian is listed as an "Associate." (Docket no. 130 at 8.) A review of the Miller, Canfield,

Paddock & Stone website shows that Attorney Palizzi is a "Principal" member of the firm and the "Intellectual Property Group Leader." *See* http://www.millercanfield.com/MichaelPalizzi. Attorney Steiger bills his clients at a rate of $1,035.00 per hour; Attorney Radulescu bills his clients at a rate of $955.00 per hour; Attorney Vardanian bills his clients at a rate of $645.00 per hour, and Attorney Palizzi bills his clients at a rate of $530.00 per hour. Paralegal Przybylski's services are billed at a rate of $290 per hour. Attorney Steiger is located in Los Angeles, California; Attorneys Radulescu and Vardanian are located in New York, New York, as is Paralegal Przybylski; Attorney Palizzi is located in Detroit, Michigan. While the rates for Attorneys Steiger, Radulescu and Vardanian and for Paralegal Przybylski may be acceptable in New York and Los Angeles, even a brief comparison to Attorney Palizzi's hourly rate shows that they are significantly higher than the rates for comparable Michigan attorneys. And when compared to prevailing rates in the Eastern District of Michigan, the venue of the court of record, it is apparent that all of Plaintiff's attorney's hourly rates are significantly higher than the prevailing market rate.

Attorney Steiger is a well-respected and accomplished attorney with 30 years of practice experience. *See* http://www.quinnemanuel.com/attorneys/steiger-jon-r.aspx. Attorney Radulescu appears to have left Quinn Emanuel earlier this year, but he and Attorney Palizzi each have more than 20 years of legal experience. *See* http://www.linkedin.com/pub/david-radulescu-ph-d/18/a78/45b; and http://www.millercanfield.com/MichaelPalizzi. Attorney Vardanian also appears to have left Quin Emanuel earlier this year; he has approximately 8 years of legal experience. *See* http://www.linkedin.com/pub/tigran-vardanian/7/8a7/174.

Defendant argues that based on the AIPLA Report of the 2011 Economic Survey, Attorneys Steiger, Radulescu, and Palizzi are entitled to no more than a reasonable hourly rate of $333.00, and

8

Attorney Vardanian is entitled to no more than a reasonable hourly rate of $230. (Docket no. 131 at 3.) A review of the 2010 State Bar of Michigan Economics of Law Practice Attorney Income and Billing Rate Summary Report reveals the following:

- the median billing rate for managing partners, equity partners, shareholders, and non-equity partners at law firms in Michigan is $250.00 to $275.00 per hour;

- the median billing rate for associates at law firms in Michigan is 195.00 to $200.00 per hour;

- the median billing rate for attorneys with 26 to 35 years of experience in Michigan is $233.00 per hour;

- the median billing rate for attorneys with 16 to 25 years of experience in Michigan is $228.00 per hour;

- the median billing rate for attorneys with 6 to 10 years of experience in Michigan is $200.00 per hour;

- the median billing rate for attorneys in firms with over 50 attorneys in Michigan is $300.00 per hour;

- the median billing rate for attorneys practicing intellectual property law in Michigan is $268.00 per hour; and

- The median billing rate for attorneys practicing in Wayne County, Michigan is $230.00 per hour.

*See* 2010 Economics of Law Practice Attorney Income and Billing Rate Summary Report, State Bar of Michigan (January 2011), *available at* http://www.michbar.org/pmrc/articles/0000146.pdf. Thus, on the surface, it appears that Defendant's requested rates of $333.00 and $230.00 are reasonable.

Nevertheless, considering the skill, time and labor involved; the amount in question and the results achieved; the difficulty of the case; and the nature of the professional relationship with the client, the Court finds that an upward adjustment of 25% of these requested values is appropriate. Therefore, the Court recommends that Attorneys Steiger, Radulescu, and Palizzi be afforded a

reasonable hourly rate of $416.25 and that Attorney Vardanian be afforded a reasonable hourly rate of $287.50. Additionally, Paralegal Przybylski's hourly rate should be reduced by an amount similar to those of her colleagues at Quinn Emanuel–a reduction of approximately 50%. Thus, she should be afforded a reasonable hourly rate of $145.00 per hour.[2]

### 3. Lodestar Calculation and Adjustment

Based on the above analysis, the Lodestar calculation is as follows:

Quinn Emanuel Attorneys
| | | |
|---|---|---|
| Attorney Jon Steiger: | $478.69 | ($416.25 x 1.15 hours) |
| Attorney David C. Radulescu: | $2,081.25 | ($416.25 x 5.00 hours) |
| Attorney Tigran Vardanian: | $5,232.50 | ($287.50 x 18.20 hours) |
| Paralegal Lyndsey Przybylski: | $507.50 | ($145.00 x 3.50 hours) |

Miller Canfield Attorneys
| | | |
|---|---|---|
| Attorney Michael Palizzi: | $1,748.25 | ($416.25 x 4.20 hours) |

This, however, does not end the Court's inquiry. Following through with the remaining discounts, including Quinn Emanuel's 10% client discount and a 30% reduction for time spent responding to Interrogatory No. 1, Defendant's total liability should be calculated as follows:

| | |
|---|---|
| Total QE Attorney Fees: | $8,299.94 |
| Minus 10% QE Discount: | ($829.99) |
| Total QE Fees after Discount | $7,469.95 |
| Plus Miller Canfield Fees: | $1,748.25 |
| Total Attorney Fees: | $9,218.20 |
| Minus 30% Reduction: | ($2,765.46) |

Defendant's Total Liability:     $6,452.74

### D. Conclusion

---

[2]This rate is also more in line with the 2010 average regional billing rate in Michigan for a Paralegal of $111.00 if also adjusted upward by 25%. *See* 2010 National Utilization and Compensation Survey Report, Section 3, Paralegal Billing Rages, National Association of Legal Assistants (October 2010), *available at* http://www.nala.org/Upload/file/PDF-Files/10SEC3.pdf.

For the reasons indicated herein, the Court recommends awarding total fees to Plaintiffs in the amount of $6,452.74.

## III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 2, 2013        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 2, 2013                    s/ Lisa C. Bartlett
                                                 Case Manager